[Dkt. No. 1, 2]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| NASIR FINNEMEN,<br><br>Plaintiff,<br><br>    v.<br><br>JOHN DOE CAMDEN COUNTY POLICE OFFICER, DET/IA Officer Joe Hoffman case number (13-10-03-1764),<br><br>Defendants. | Civil No. 15-7308<br><br>**OPINION** |

On October 5, 2015, Plaintiff Nasir Finnemen (the "Plaintiff") initiated this civil action against Defendant John Doe, Camden County Police Officer and Defendant Det/IA Officer Joe Hoffman. (Compl. 3 [Dkt. No. 1]; Am. Compl. 3 [Dkt. 2]). This court granted Plaintiff's application to proceed in forma pauperis. (Feb. 2, 2016 Order [Dkt. No. 3]). Because Plaintiff proceeds in forma pauperis, this court must screen his amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

I.   **BACKGROUND**

Plaintiff alleges that on October 8, 2013, Defendant "John Doe police officer took [him] down" from behind, struck him with a metal object, and "aggravated assaulted" him. (Am. Compl. 3). In his amended complaint, Plaintiff repeats the same allegation and also names Joe Hoffman, a "Det/IA officer" as a Defendant.

(Am. Compl. 1). Plaintiff alleges that the injury occurred at 1:20 PM while there was "daylight" at South 4th Street, between Berkley and Clinton Streets, in Camden, New Jersey. (Am. Compl. 3). As a result of John Doe's alleged actions, Plaintiff suffered a fractured left ankle and a laceration on his forehead. (Compl. Ex. A at 9, 39). Plaintiff received seven sutures on his forehead to close the laceration. (Am. Compl. 3; Compl. Ex. A at 39). He also alleges he had to receive physical therapy for his ankle injury. (Am. Compl. 4).

On April 15, 2014, Plaintiff was informed that the Camden County Police Department Professional Standards Bureau exonerated his case, finding no wrongdoing by those involved. (Compl. Ex. B 24). On November 20, 2014 and December 5, 2014, Plaintiff filed "Records Management Request[s] for Copies of Documents or Return of Property" with the Camden County Prosecutors office. (Id. at 13, 18). He sought police reports, internal affairs reports and police surveillance video arising out of his October 8, 2013 arrest. (Id. at 13). Plaintiff also requested the return of his keys and cellphone. (Id.). On February 26, 2015, Plaintiff filed a Request to Review County Records Open Public Records Act ("OPRA") Request Form pursuant to N.J.S.A. 47:1A-1 in the Camden County Office of Archives and Records Management. (Id. at 4, 16). Plaintiff requested the internal affairs reports, Camden County police surveillance

videos, and police reports stemming from Plaintiff's arrest on October 8, 2013. (Id.)  On March 9, 2015, Plaintiff was denied on each request because: (1) internal affairs are not public records pursuant to OPRA; (2) no video records exist; and (3) no police reports exist. (Id. at 19). Plaintiff brings his case under 28 U.S.C. § 1331 and 42 U.S.C. § 1983 as well as the U.S. Constitution. (Am. Compl. 2).

## II.     STANDARD FOR SUA SPONTE DISMISSAL

Pursuant to U.S.C. § 1915(e)(3), this Court must screen in forma pauperis filings.  Filings that are frivolous, fail to state a claim upon which relief can be granted, or seek monetary compensation from immune parties should be dismissed.

Federal Rule of Civil Procedure 8(a), pertaining to the "General Rules of Pleading," dictates that a complaint must contain the following:

(1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

(2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

"[A] complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an

3

entitlement with its facts." Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009). However, in screening a complaint to verify whether it meets this standard, this Court is mindful of the requirement that pro se pleadings must be construed liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

### III. ANALYSIS

#### A. John Doe

Plaintiff has successfully stated a claim to survive the screening stage because he points to facts that could comprise an excessive force claim in violation of 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution. To recover under § 1983, a plaintiff must show two elements: (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law. Finnemen v. Sgt. Michael Beach, No. CV 15-5795 (RMB/JS), 2015 WL 8228579, at *2 (D.N.J. Dec. 7, 2015).

Here, plaintiff alleges that in the course of an arrest on a specific time, date, and location, the Defendant John Doe struck him with a metal object and caused his ankle to be fractured. He went to the hospital where he received sutures, and he alleges that as a result of the fracture, he had to get physical therapy. Such allegations, construed liberally, are

4

sufficient to permit this claim to proceed because allegations of injuries caused by police officers are to be analyzed under the Fourth Amendment "reasonableness" standard. Graham v. Connor, 490 U.S. 386, 395 (1989) ("[A]ll claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard ...."); Watson v. Oldroyd, Civ. A. No. 07-3175, 2007 WL 2264906, at *4 (D.N.J. Aug. 3, 2007) (plaintiff's allegation that he was beaten by police officers severely enough to require hospital treatment is sufficient to permit [a Fourth Amendment excessive force] claim to proceed.); Finnemen, 2015 WL 8228579 (holding that a pro se plaintiff's allegations of injuries caused by being punched and hit in the course of an arrest sufficed to survive the screening stage.)

Plaintiff's claim of excessive force, while sufficient based on the substantive facts involved, nevertheless presents the issue of serving an anonymous defendant. While Plaintiff has stated a claim, "as a practical matter, it is in most instances impossible for the United States Marshal to serve a summons and complaint on . . . unidentified defendants." Boyd v. Bergen Cnty. Jail, 2007 WL 1695736, at *3 n.1 (D.N.J. June 7, 2007) (citation omitted). As such, Plaintiff will be permitted

5

120 days to amend his claim to state the name of the officer involved in the alleged incident.

### B. Joe Hoffman

Plaintiff named "Det/IA Officer Joe Hoffman #177" as the second defendant in his Amended Complaint. (Am. Compl. 2). Since "IA" is presumed to mean internal affairs, Plaintiff's suit against Joe Hoffman likely arises out of the denial of access to the internal affairs report regarding the conduct of his arresting officers and the location of his missing items."[1] The letter Defendant received informing him of the denial of his request also letter indicated that "internal affairs records are investigative reports and are not public records under OPRA and pursuant to the New Jersey Attorney General's Internal Affairs Guidelines." (Compl. Ex. B 17).

Denial of access to OPRA records is not cognizable under federal law, so Plaintiff's allegations against Defendant Hoffman fail to state a claim. Aristeo v. Raines, No. 15-4115 (RMB/JS), 2016 WL 430568, at *7 (D.N.J. Feb. 3, 2016) (holding that even if plaintiff's claim were not time-barred, N.J.S.A. 47:1A-6 provides a designated forum for which denials of OPRA requests may be adjudicated); Slaughter v. Perry, No. CIV.A. 12-

---

[1] If the Court misconstrues plaintiff's allegations, he may so advise the Court and amend his allegations to more clearly outline the perceived basis for liability of Defendant Hoffman.

6

2577 WJM, 2012 WL 4891698, at *3 (D.N.J. Oct. 12, 2012) (denying plaintiff's claim because denying "[p]laintiff's OPRA request [does] not trigger any federal rights.").

**IV.    CONCLUSION**

For the reasons above, Plaintiff has stated a claim against Officer John Doe.  Plaintiff, however, has not provided sufficient identifying information such that the U.S. Marshal can effectuate service and the action may continue.  As such, Plaintiff granted 120 days in which to amend his allegations and name the defendant against whom he seeks relief.  Plaintiff's allegations against Defendant Hoffman are dismissed.


DATED: August 11, 2016


                                        s/Renée Marie Bumb
                                        RENÉE MARIE BUMB
                                        UNITED STATES DISTRICT JUDGE